**GIBSON, DUNN & CRUTCHER LLP**
LAUREN R. GOLDMAN (*pro hac vice*)
lgoldman@gibsondunn.com
DARCY C. HARRIS (*pro hac vice*)
dharris@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

ELIZABETH K. MCCLOSKEY, SBN 268184
emccloskey@gibsondunn.com
ABIGAIL A. BARRERA, SBN 301746
abarrera@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
Telephone: (415) 393-8200
Facsimile: (415) 393-8306

**COOLEY LLP**
MICHAEL G. RHODES, SBN 116127
rhodesmg@cooley.com
Three Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

*Attorneys for Defendant Meta Platforms, Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

ALAN STARZINSKI, et al.,

Plaintiffs,

v.

META PLATFORMS, INC.,

Defendant.

Case No. 3:24-cv-04501-AMO

**DEFENDANT META PLATFORMS, INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS CLASS ACTION COMPLAINT**

Date: February 27, 2025
Time: 2:00 p.m.
Dept.: Courtroom 10 – 19th Flr.

Action Filed: June 27, 2024
Honorable Araceli Martínez-Olguín

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Evidence 201(b), defendant Meta Platforms, Inc. ("Meta"), through its undersigned counsel, respectfully requests that the Court take judicial notice of, and/or deem as incorporated by reference, the following exhibits, filed in support of its motion to dismiss, which are attached to the accompanying Declaration of Abigail A. Barrera.

**Meta's Policies In Effect When Plaintiffs' Complaint Was Filed**

**Exhibit 1** is a true and correct copy of Meta's current Terms of Service dated July 26, 2022, available on Meta's website: https://www.facebook.com/legal/terms/plain_text_terms.

**Exhibit 2** is a true and correct copy of Meta's current Privacy Policy dated June 26, 2024, available on Meta's website: https://mbasic.facebook.com/privacy/policy/printable/.

**Exhibit 3** is a true and correct copy of Meta's current Cookies Policy dated December 12, 2023, available on Meta's website: https://mbasic.facebook.com/privacy/policies/cookies/printable/.

**Exhibit 4** is a true and correct copy of Meta's current Business Tools Terms dated April 25, 2023, available on Meta's website: https://www.facebook.com/legal/terms/businesstools.

**Prior Versions of Meta's Policies**

*Terms of Service*

**Exhibit 5** is a true and correct copy of Meta's Terms of Service dated January 4, 2022, available on the Internet Archive: https://web.archive.org/web/20220306022455/https://www.facebook.com/legal/terms/.

*Data Policy (Now Called the Privacy Policy)*

**Exhibit 6** is a true and correct copy of Meta's Data Policy (now called the Privacy Policy) dated January 4, 2022, available on Meta's website: https://www.facebook.com/about/privacy/update/printable.

**Exhibit 7** is a true and correct copy of Meta's Privacy Policy dated July 26, 2022, available on Meta's website: https://mbasic.facebook.com/privacy/policy/printable/version/5066055233450651/.

**Exhibit 8** is a true and correct copy of Meta's Privacy Policy dated January 1, 2023, available on Meta's website: https://mbasic.facebook.com/privacy/policy/printable/version/5407378522724295/.

**Exhibit 9** is a true and correct copy of Meta's Privacy Policy dated June 15, 2023, available on Meta's website: https://mbasic.facebook.com/privacy/policy/printable/version/5601719079934335/.

**Exhibit 10** is a true and correct copy of Meta's Privacy Policy dated December 27, 2023, available on Meta's website: https://mbasic.facebook.com/privacy/policy/printable/version/7122790421067234/.

*Cookies Policy*

**Exhibit 11** is a true and correct copy of Meta's Cookies Policy dated January 4, 2022, available on the Internet Archive: https://web.archive.org/web/20220107080638/https://www.facebook.com/policy/cookies/printable.

**Exhibit 12** is a true and correct copy of Meta's Cookies Policy dated October 5, 2022, available on Meta's website: https://mbasic.facebook.com/privacy/policies/cookies/version/5567945786592090/?paipv=0&eav=AfYwbmBAmkzufj-ozquWAZD0vAsLowV6b9Ve2oLY%E2%80%A6.

**Exhibit 13** is a true and correct copy of Meta's Cookies Policy dated June 16, 2023, available on Meta's website: https://mbasic.facebook.com/privacy/policies/cookies/version/6238889766159217/.

*Business Tools Terms*

**Exhibit 14** is a true and correct copy of Meta's Business Tools Terms dated August 31, 2020, available on the Internet Archive: https://web.archive.org/web/20201030175919/https:/www.facebook.com/legal/technology_terms.

*Web Pages*

**Exhibit 15** is a true and correct copy of a Meta web page titled *Introduction to the Advertising Standards*, available on Meta's website: https://www.facebook.com/policies/ads/.

**Exhibit 16** is a true and correct copy of a Meta web page titled *About Prohibited Information*, available on Meta's website: https://www.facebook.com/business/help/1057016521436966?id=188852726110565.

## ARGUMENT

In ruling on a motion to dismiss, the Court may look beyond the four corners of the complaint to matters subject to judicial notice and documents incorporated in the complaint by reference. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018); *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001). Exhibits 1–16 qualify under both doctrines because they are available on publicly accessible websites and because plaintiffs' complaint refers to and depends on the contents of these documents.

### A. Materials From Public Websites

The Court may take judicial notice of all sixteen exhibits under Federal Rule of Evidence 201 because they are available on publicly accessible websites and the contents are not subject to reasonable dispute. *See* Fed. R. Evid. 201. Courts in this district routinely take judicial notice of websites and their contents, including publicly available contracts and terms of service. *See, e.g.*, *Carvalho v. HP, Inc.*, 2022 WL 2290595, at *1 n.1 (N.D. Cal. June 24, 2022) (public webpage); *Opperman v. Path, Inc.*, 205 F. Supp. 3d 1064, 1068–69 & n.3 (N.D. Cal. 2016) (privacy policies); *In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016, 1025 (N.D. Cal. 2014) (privacy policies); *Datel Holdings Ltd. v. Microsoft Corp.*, 712 F. Supp. 2d 974, 984 (N.D. Cal. 2010) (terms of use); *see also Matthews v. Nat'l Football League Mgmt.*, 688 F.3d 1107, 1113 (9th Cir. 2012) (taking judicial notice of fact posted on public webpage).

### B. Materials Incorporated By Reference

The Court may also take judicial notice of all sixteen exhibits under the incorporation-by-reference doctrine. Under the incorporation-by-reference doctrine, a district court may, when ruling on a motion to dismiss, consider documents outside the complaint when "the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005); *see also Lee*, 250 F.3d at 688–89. This doctrine "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja*, 899 F.3d at 1002; *see also Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d 1190, 1204 (N.D. Cal. 2014).

All sixteen exhibits—consisting of Meta web pages and Meta's Terms of Service, Privacy Policies, Cookies Policies, and Business Tools Terms—satisfy this standard. Plaintiffs refer to Meta's policies and web pages throughout their complaint and make representations about what disclosures they do and do not contain. *See, e.g.*, Compl. ¶¶ 8, 62, 64, 65, 85–90, 94–95, 97, 101, 115–16, 125. Further, these documents—and what they do and do not contain—form the basis of plaintiffs' claim that Meta obtained their data intentionally and without their consent. *See, e.g.*, *Knievel*, 393 F.3d at 1076–77 (incorporating web pages related to specific representations cited in the complaint). Because these documents are "central to the plaintiff[s'] claim[s]" and "no party questions the authenticity of the cop[ies] attached to" this request, they are plainly subject to the incorporation-by-reference doctrine. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006); *see, e.g.*, *Varlack v. Ohio Sec. Ins.*, 2022 WL 17248997, at *1 (N.D. Cal. Nov. 28, 2022); *UAB "Planner 5D" v. Facebook, Inc.*, 2019 WL 6219223, at *2 n.2 (N.D. Cal. Nov. 21, 2019); *Letizia v. Facebook Inc.*, 267 F. Supp. 3d 1235, 1242 (N.D. Cal. 2017).

Consideration of these documents serves the core purpose of the incorporation-by-reference doctrine. Here, plaintiffs' complaint refers to "only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja*, 899 F.3d at 1002; *see also Perkins*, 53 F. Supp. 3d at 1204. For example, plaintiffs accuse Meta of "omissions and misrepresentations [that] are contrary to Facebook's terms and representations," and they assert that "Facebook misrepresents terms that form the basis of the bargain, leaving users unable to properly assent or consent." Compl. ¶¶ 115–16. Plaintiffs fail to mention, however, various disclosures in those same "terms and representations" that weaken or doom their claims, as explained in Meta's motion to dismiss. The full text of these documents is therefore essential for consideration of plaintiffs' claims.

## CONCLUSION

Under Federal Rule of Evidence 201 and the incorporation-by-reference doctrine, and for the reasons stated above, the Court should consider Exhibits 1–16 to the accompanying Barrera Declaration when ruling on Meta's motion to dismiss.

DATED: September 27, 2024

**GIBSON, DUNN & CRUTCHER LLP**

By: */s/ Lauren R. Goldman*
Lauren R. Goldman

**COOLEY LLP**

By: */s/ Michael G. Rhodes*
Michael G. Rhodes

*Attorneys for Defendant Meta Platforms, Inc.*

**CIVIL L.R. 5-1(i)(3) ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), I, Lauren R. Goldman, hereby attest under penalty of perjury that concurrence in the filing of this document has been obtained from all signatories.

DATED: September 27, 2024

**GIBSON, DUNN & CRUTCHER LLP**

By: */s/ Lauren R. Goldman*
Lauren R. Goldman