**GIBSON, DUNN & CRUTCHER LLP**
LAUREN R. GOLDMAN (*pro hac vice*)
lgoldman@gibsondunn.com
DARCY C. HARRIS (*pro hac vice*)
dharris@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

ELIZABETH K. MCCLOSKEY, SBN 268184
emccloskey@gibsondunn.com
ABIGAIL A. BARRERA, SBN 301746
abarrera@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
Telephone: (415) 393-8200
Facsimile: (415) 393-8306

*Attorneys for Defendant Meta Platforms, Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

ALAN STARZINSKI, ET AL,

Plaintiffs,

v.

META PLATFORMS, INC.,

Defendant.

Case No. 3:24-cv-04501-AMO

**DEFENDANT META PLATFORMS, INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT**

First Amended Class Action Complaint Filed: November 8, 2024

Honorable Araceli Martínez-Olguín

Defendant Meta Platforms, Inc. ("Meta") hereby answers the First Amended Class Action Complaint filed by plaintiffs on November 8, 2024 ("FAC") according to its numbered paragraphs as follows below. Meta denies all allegations in the FAC not expressly admitted herein. By filing this Answer, Meta does not waive—and hereby expressly preserves—its defenses under Federal Rule of Civil Procedure 12(b) or any other defenses asserted in future motions or submissions to the Court.

## NATURE OF THE ACTION[1]

1. Meta admits that plaintiffs purport to bring this lawsuit as a class action "on behalf of all persons with Facebook accounts who subscribe to Paramount+, ESPN+, Hulu, and Starz," but denies that class certification is appropriate for this case. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 1.

2. Meta admits that it operates Facebook, which includes the internet site Facebook.com. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 2.

3. The allegations in paragraph 3 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations. Meta otherwise denies each and every allegation in paragraph 3.

4. The allegations in paragraph 4 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations. Meta otherwise denies each and every allegation in paragraph 4.

5. The allegations in paragraph 5 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations. Meta otherwise denies each and every allegation in paragraph 5.

## BACKGROUND

### I. FACEBOOK: FROM SOCIAL UTILITY TO TRACKING APPARATUS

6. Meta admits that it operates Facebook, which includes the internet site Facebook.com. Meta admits that the allegations in paragraph 6 purport to cite from a document, which speaks for itself. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 6.

[1] Meta denies each and every allegation contained in any and all headings, subheadings, footnotes, and appendices in plaintiffs' FAC, to the extent any allegations are contained therein.

7. Meta admits that Facebook launched in 2004. Meta admits that on October 24, 2007, Facebook and Microsoft Corporation announced that Microsoft would take a $240 million equity stake in Facebook's next round of financing at a $15 billion valuation. Meta admits that the allegations in paragraph 7 appear to reference documents, which speak for themselves, and no responsive pleading is required. Meta lacks information sufficient to admit or deny the allegations in paragraph 7 regarding persons or entities other than Meta. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 7.

8. Meta admits that the allegations in paragraph 8 purport to quote from a document, which speaks for itself. To the extent a response is required, Meta denies the allegations. Meta lacks information sufficient to admit or deny the allegations in paragraph 8 regarding persons or entities other than Meta. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 8.

9. Meta admits that the allegations in paragraph 9 purport to paraphrase and quote from documents, which speak for themselves. To the extent a response is required, Meta admits that in 2007 it introduced Facebook Ads. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 9.

10. Meta admits that the allegations in paragraph 10 purport to quote from documents, which speak for themselves. To the extent a response is required, Meta admits that in 2007 it introduced Facebook Ads. Meta lacks information sufficient to admit or deny the remaining allegations in paragraph 10. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 10.

## II. THE BEACON PROGRAM

11. Meta lacks information sufficient to admit or deny the authenticity, accuracy, or source of the image in paragraph 11. Meta admits that the allegations in paragraph 11 purport to quote from and/or include excerpted images of documents, which speak for themselves. To the extent a response is required, Meta admits that in 2007 it launched Beacon, a feature designed to let people share information across sites with their friends on Facebook. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 11.

12. Meta lacks information sufficient to admit or deny the authenticity, accuracy, or source of the image in paragraph 12. Meta further admits that the allegations in paragraph 12 purport to quote from and/or include excerpted images of documents, which speak for themselves. To the extent a response is required, Meta denies the allegations. Meta lacks information sufficient to admit or deny the allegations in paragraph 12 regarding persons or entities other than Meta. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 12.

13. Meta admits that the allegations in paragraph 13 purport to quote from documents, which speak for themselves. To the extent a response is required, Meta denies the allegations. Meta lacks information sufficient to admit or deny the allegations in paragraph 13 regarding persons or entities other than Meta. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 13.

14. Meta admits that the allegations in paragraph 14 purport to quote from documents, which speak for themselves. To the extent a response is required, Meta denies the allegations. Meta lacks information sufficient to admit or deny the allegations in paragraph 14 regarding persons or entities other than Meta. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 14.

15. Meta admits that the allegations in paragraph 15 purport to quote from documents, which speak for themselves. To the extent a response is required, Meta denies the allegations. Meta lacks information sufficient to admit or deny the allegations in paragraph 15 regarding persons or entities other than Meta. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 15.

16. Meta admits that the allegations in paragraph 16 purport to quote from a document, which speaks for itself. To the extent a response is required, Meta denies the allegations. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 16.

## III. *LANE V. FACEBOOK*

17. Meta admits that the allegations in paragraph 17 purport to cite a document, which speaks for itself. To the extent a response is required, Meta admits Facebook users sued Meta (at that time known as Facebook) alleging Facebook violated the Electronic Communications Privacy Act.

Meta lacks information sufficient to admit or deny the allegations in paragraph 17 regarding persons other than Meta. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 17.

18. Meta admits that the aforementioned lawsuit resulted in a settlement. Meta admits that the allegations in paragraph 18 purport to cite from documents, which speak for themselves. To the extent a response is required, Meta denies the allegations. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 18.

19. Meta admits that the allegations in paragraph 19 purport to cite documents, which speak for themselves. To the extent a response is required, Meta admits that there is a 2012 consent agreement between Meta and the Federal Trade Commission, which speaks for itself. Meta also admits that there is a 2019 consent agreement between Meta and the Federal Trade Commission, which speaks for itself. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 19.

20. The allegations in paragraph 20 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta admits that Facebook users must agree to the operative Terms of Service, Data Policy (now known as Meta's Privacy Policy), and Cookies Policy to use Facebook and that, as part of agreeing to these terms, Facebook users permit Meta to receive and use certain data. Meta further admits that it requires third-party businesses to accept terms governing Meta's provision of the Meta Business Tools that require third-party businesses to have all necessary rights and permissions and a lawful basis (in compliance with all applicable laws, regulations, and industry guidelines)—including any necessary consents from consumers—for data they choose to send to Meta. Meta contractually prohibits third-party businesses from sending Meta sensitive data via the Meta Business Tools and takes steps to further educate third parties about these contractual obligations. Meta otherwise denies each and every allegation in paragraph 20.

21. Meta admits that the allegations in paragraph 21 purport to quote from and reference documents, which speak for themselves. To the extent a response is required, Meta denies the allegations. The allegations in the second to last sentence of paragraph 21 contain conclusions of law, for which no responsive pleading is required. Meta lacks information sufficient to admit or deny the allegations in paragraph 21 regarding persons or entities other than Meta. Except as expressly stated,

Meta otherwise denies each and every allegation in paragraph 21.

22. Meta lacks information sufficient to admit or deny the allegations in paragraph 22 regarding plaintiffs' motives for filing this lawsuit. To the extent a response is required, Meta denies each and every allegation in paragraph 22.

## PARTIES

23. The allegations in the final four sentences of paragraph 23 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations. Meta lacks information sufficient to admit or deny the remaining allegations in paragraph 23. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 23.

24. The allegations in the final four sentences of paragraph 24 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations. Meta lacks information sufficient to admit or deny the remaining allegations in paragraph 24. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 24.

25. The allegations in the final three sentences of paragraph 25 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations. Meta lacks information sufficient to admit or deny the remaining allegations in paragraph 25. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 25.

26. The allegations in the final four sentences of paragraph 26 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations. Meta lacks information sufficient to admit or deny the remaining allegations in paragraph 26. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 26.

27. Meta admits that Facebook users can create profiles in which they can choose to provide certain information. Meta admits that it develops, owns, and operates Facebook.com and offers its services to people in California and other states. Meta also admits that it is a corporation incorporated in Delaware and that it is headquartered in Menlo Park, California. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 27.

## JURISDICTION AND VENUE

28. The allegations in paragraph 28 contain conclusions of law, for which no responsive

pleading is required. To the extent a response is required, Meta admits that it offers services to people in California. Meta lacks information sufficient to admit or deny the allegations in paragraph 28 regarding persons or entities other than Meta. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 28.

29. The allegations in paragraph 29 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta admits that it is headquartered in Menlo Park, San Mateo County, California and that it offers services to people in California. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 29.

## STATEMENT OF FACTS

### I. FACEBOOK'S PLATFORM AND ITS BUSINESS TOOLS

30. Meta admits that the allegations in paragraph 30 purport to quote from documents, which speak for themselves. To the extent a response is required, Meta admits that Facebook users can create profiles in which they can choose to provide certain information. Meta also admits that it asks users to use the same name on Facebook that they use in everyday life. Meta further admits that it asks users to enter their date of birth and gender when creating a Facebook account. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 30.

31. Meta respectfully refers the Court to Meta's Form 10-Ks, which speak for themselves, for information regarding Meta's revenue. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 31.

32. The allegations in paragraph 32 contain conclusions of law, for which no responsive pleading is required. Meta admits that plaintiffs purport to quote from and reference documents, which speak for themselves. To the extent a response is required, Meta admits that it informs prospective advertisers that they can use ad targeting, which use is subject to Meta's Self-Serve Ad Terms and Meta Advertising Standards. Meta further admits that it provides a Core Audiences feature that allows advertisers to set the parameters for their target audience based on criteria like demographics, location, interests, online behaviors, and connections subject to Meta's Self-Serve Ad Terms and Meta Advertising Standards. To the extent a response is required, Meta otherwise denies each and every allegation in paragraph 32.

33. Meta admits that plaintiffs purport to quote from and reference documents, which speak for themselves. To the extent a response is required, Meta admits that it offers a feature called Custom Audiences, which is an ad targeting option that, subject to Meta's Self-Serve Ad Terms and Meta Advertising Standards, lets developers find their existing audiences among people across Meta technologies using sources like website traffic to create Custom Audiences of people who already know their business. Meta also admits that it offers a feature called Lookalike Audiences, which is an ad targeting option, subject to Meta's Self-Serve Ad Terms and Meta Advertising Standards, that lets developers reach new people who are likely to be interested in their business because they share similar characteristics to existing customers. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 33.

## II. FACEBOOK UTILIZES ITS BUSINESS TOOLS TO INTENTIONALLY INTERCEPT ELECTRONIC COMMUNICATIONS

34. The allegations in paragraph 34 contain conclusions of law, for which no responsive pleading is required. Meta admits that the allegations in paragraph 34 quote from and reference a document, which speaks for itself. To the extent a response is required, Meta admits that it makes available certain Business Tools, which are optional technologies that website owners and publishers, app developers, and business partners (including advertisers and others) who agree to the Meta Business Tools Terms, can choose to use and configure to understand and measure their products and services and better reach and serve people who use or might be interested in their products and services. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 34.

35. Meta admits that the allegations in paragraph 35 quote from and reference documents, which speak for themselves. To the extent a response is required, Meta admits that advertisers can choose to integrate the Meta Pixel code into their website's code to enable transmission of event data that developers choose to send to Meta, including Standard Events (which Meta offers) and Custom Events (which advertisers name and define). Meta otherwise denies each and every allegation in paragraph 35.

36. The allegations in paragraph 36 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations. Meta admits

that the allegations in paragraph 36 quote from and reference documents, which speak for themselves. To the extent a response is required, Meta admits that the Meta Pixel is a free, publicly available piece of code that third-party developers can choose to integrate into their website's code to enable transmission of event data that developers choose to send to Meta so that developers can better understand the effectiveness of their advertising, subject to Meta's Business Tools Terms, Data Policy (now known as Meta's Privacy Policy), Platform Policy, and Commercial Terms. Meta admits that the Meta Pixel code does nothing on its own, unless and until a developer chooses to use it and configure it to send data selected by the developer to Meta. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 36.

37. The allegations in the first sentence of paragraph 37 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations. The allegations in the second and third sentences of paragraph 37 purport to quote from and reference a document, which speaks for itself. To the extent a response is required, Meta denies the allegations. Meta otherwise denies each and every allegation in paragraph 37.

38. Meta denies each and every allegation in paragraph 38.

39. The allegations in paragraph 39 purport to quote from and reference a document, which speaks for itself. To the extent a response is required, Meta denies the allegations. Meta otherwise denies each and every allegation in paragraph 39.

40. The allegations in paragraph 40 contain conclusions of law, for which no responsive pleading is required. Meta admits that plaintiffs purport to quote from and reference documents, which speak for themselves, including the complaint from *Joseph Rickwalder, et al. v. Meta Platforms, Inc.* Case No. 21-cv-383231 (Ca. Super Ct. Santa Clara Cnty). To the extent a response is required, Meta denies the allegations. Meta otherwise denies each and every allegation in paragraph 40.

41. Meta admits the allegations in paragraph 41 purport to reference documents, which speaks for themselves. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 41.

42. The allegations in paragraph 42 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations. Except as

expressly stated, Meta otherwise denies each and every allegation in paragraph 42.

43. The allegations in paragraph 43 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 43.

44. The allegations in paragraph 44 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 44.

45. Meta admits that the allegations in paragraph 45 purport to quote from a document, which speaks for itself. To the extent a response is required, Meta admits that it offers a Business Tool called the Facebook Software Development Kit for App Events, which includes code that developers can choose to integrate into their applications' code to enable transmission of event data that app developers choose to send to Meta, subject to Meta's Business Tools Terms, Data Policy (now known as Meta's Privacy Policy), Platform Policy, and Commercial Terms. Meta admits that the Meta Software Development Kit code does nothing on its own, unless and until a developer chooses to use it and configure it to send data selected by the developer to Meta. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 45.

46. The allegations in paragraph 46 contain conclusions of law, for which no responsive pleading is required. Meta admits that the allegations in paragraph 46 purport to quote from and reference documents, which speak for themselves, and no responsive pleading is required. Meta also admits it offers a Business Tool called Conversions API, which is designed to create a connection between an advertiser's marketing data that it chooses to send to Meta and Meta systems that optimize ad targeting, decrease cost per result, and measure outcomes. Meta further admits that developers can choose to integrate Conversions API to enable transmission of event data that app developers choose to send to Meta, subject to Meta's Business Tools Terms, Data Policy (now known as Meta's Privacy Policy), Platform Policy, and Commercial Terms. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 46.

47. The allegations in paragraph 47 contain conclusions of law, for which no responsive pleading is required. Meta lacks information sufficient to admit or deny the allegations in paragraph

47 regarding the actions, experiences, or knowledge of persons or entities other than Meta. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 47.

## III. FACEBOOK UTILIZES ITS BUSINESS TOOLS TO INTENTIONALLY INTERCEPT SENSITIVE AND CONFIDENTIAL COMMUNICATIONS

48. Meta admits that the allegations in paragraph 48 purport to quote from and reference documents, which speak for themselves. To the extent a response is required, Meta admits that various of its advertisers, which may include one or more of the Streaming Services, may choose to use one or more of Meta's Business Tools subject to Meta's Business Tools Terms and Commercial Terms and target advertisements on Meta's services. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 48.

49. Meta admits that the allegations in paragraph 49 purport to quote from documents, which speak for themselves. To the extent a response is required, Meta admits that it employs account managers who assist with supporting certain Meta clients, including through education and support. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 49.

### A. The Streaming Services and Facebook's Business Tools

50. Meta lacks information sufficient to admit or deny the allegations in paragraph 50 regarding the actions of persons or entities other than Meta. To the extent a response is required, Meta otherwise denies each and every allegation in paragraph 50.

51. Meta lacks information sufficient to admit or deny the allegations in paragraph 51 regarding the actions of persons or entities other than Meta. To the extent a response is required, Meta otherwise denies each and every allegation in paragraph 51.

52. The allegations in paragraph 52 contain conclusions of law, for which no responsive pleading is required. Meta lacks information sufficient to admit or deny the allegations in paragraph 52. To the extent a response is required, Meta otherwise denies each and every allegation in paragraph 52.

53. Meta lacks information sufficient to admit or deny the authenticity, accuracy, or source of the image in paragraph 53. Meta also lacks information sufficient to admit or deny the allegations in paragraph 53. To the extent a response is required, Meta otherwise denies each and every allegation

in paragraph 53.

54. Meta lacks information sufficient to admit or deny the authenticity, accuracy, or source of the image in paragraph 54. Meta also lacks information sufficient to admit or deny the allegations in paragraph 54. To the extent a response is required, Meta otherwise denies each and every allegation in paragraph 54.

55. Meta lacks information sufficient to admit or deny the authenticity, accuracy, or source of the image in paragraph 55. Meta also lacks information sufficient to admit or deny the allegations in paragraph 55. To the extent a response is required, Meta otherwise denies each and every allegation in paragraph 55.

56. Meta lacks information sufficient to admit or deny the authenticity, accuracy, or source of the image in paragraph 56. Meta also lacks information sufficient to admit or deny the allegations in paragraph 56. To the extent a response is required, Meta otherwise denies each and every allegation in paragraph 56.

**B. The Facebook Tracking Pixel Matches the Content to a Subscriber's Identity**

57. Meta admits that it may be able to match certain data to Meta accounts in certain instances but denies that the Meta Pixel does any "matching." Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 57.

58. The allegations in paragraph 58 contain conclusions of law, for which no responsive pleading is required. Meta admits that the allegations in paragraph 58 appear to quote from documents, which speak for themselves. To the extent a response is required, Meta admits that it offers "automatic advanced matching," which allows third-party web developers, subject to Meta's Business Tools Terms, Data Policy (now known as Meta's Privacy Policy), Platform Policy, Commercial Terms and the configurations set by third-party developers, to send Meta data relating to actions taken on the developers' websites. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 58.

59. Meta admits that the allegations in paragraph 59 purport to quote from a document, which speaks for itself. To the extent a response is required, Meta admits that the hashed data sent as

part of "automatic advanced matching" cannot be reversed back into the original data.

60. The allegations in paragraph 60 contain conclusions of law, for which no responsive pleading is required. Meta admits that the allegations in paragraph 60 purport to reference a document, which speaks for itself, and no responsive pleading is required. To the extent a response is required, Meta admits that with advanced matching, developers can choose to send Meta certain hashed customer data along with the developer's Meta Pixel events, which can help the developer attribute more conversions and reach more people. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 60.

61. The allegations in paragraph 61 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta admits that third parties may choose to incorporate one or more of Meta's Business Tools, including the Meta Pixel, into their websites and use them to transmit data to Meta (whether or not a user is logged into an account on Meta technologies) consistent with Meta's Business Tools Terms, Data Policy (now known as Meta's Privacy Policy), Platform Policy, and Commercial Terms. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 61.

62. Meta admits that it may use cookies in certain instances. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 62.

63. Meta admits that, subject to Meta's Terms of Use, Data Policy (now known as Meta's Privacy Policy), Cookies Policy, and user controls such as a Facebook user's "Ad Preferences" selection in the Accounts Center (which provides users with certain control over how their data is used for advertising) and "Ad Settings" selections in Account Center (where users can opt out of receiving personalized advertisements based on their activity on third-party websites, apps, or offline, among other things), a developer may choose to transmit a c_user cookie value to Meta when the user is logged into their Facebook accounts. Meta further admits that the c_user cookie value is unique to each Facebook account. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 63.

64. Meta admits that, subject to Meta's Terms of Use, Data Policy (now known as Meta's Privacy Policy), Cookies Policy, and user controls, such as a Facebook user's "Ad Preferences"

selection in the Accounts Center (which provides users with control over how their data is used for advertising) and "Ad Settings" selections in Account Center (where users can opt out of receiving personalized advertisements based on their activity on third-party websites, apps, or offline, among other things), a developer may choose to transmit certain cookies to Meta. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 64.

65. Meta admits that the allegations in paragraph 65 purport to reference documents, which speak for themselves, and no responsive pleading is required. To the extent a response is required, Meta admits that when a developer chooses to install the Meta Pixel on its website , and if the developer has chosen to enable first-party cookies for the Pixel, the Pixel can save a unique identifier to an _fbp cookie for the website domain if one does not already exist. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 65.

66. Meta admits that the _fbp cookie can, in certain instances, identify a browser for the purposes of providing advertising. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 66.

67. Meta admits that plaintiffs purport to reference documents, which speak for themselves, and no responsive pleading is required. To the extent a response is required, Meta admits that the lifespan of the fr cookie is 90 days. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 67.

68. Meta admits that plaintiffs purport to reference documents, which speak for themselves, and no responsive pleading is required. To the extent a response is required, Meta admits that the lifespan of the _fbp cookie is 90 days. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 68.

69. Meta admits that the allegations in paragraph 69 purport to quote from documents, which speak for themselves. To the extent a response is required, Meta admits that first-party cookies are owned by the website a person is currently viewing, while third-party cookies belong to a website other than the one a person is currently viewing, and that both, in certain instances, can be used in relation to the Pixel. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 69.

70. Meta admits it may be able to match certain data to Meta accounts in certain instances, including by using cookies. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 70.

71. The allegations in paragraph 71 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations. Meta otherwise denies each and every allegation in paragraph 71.

72. Meta admits that the allegations in paragraph 72 purport to reference a document, which speaks for itself, and no responsive pleading is required. To the extent a response is required, Meta denies the allegations. Meta otherwise denies each and every allegation in paragraph 72.

73. The allegations in paragraph 73 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations. Meta otherwise denies each and every allegation in paragraph 73.

74. The allegations in paragraph 74 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations. Meta otherwise denies each and every allegation in paragraph 74.

75. The allegations in paragraph 75 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations. Meta otherwise denies each and every allegation in paragraph 75.

76. The allegations in paragraph 76 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations. Meta otherwise denies each and every allegation in paragraph 76.

77. The allegations in paragraph 77 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations. Meta otherwise denies each and every allegation in paragraph 77.

**C. The Facebook Tracking Pixel Matches the Content to a Subscriber's Identity**

78. Meta admits that the allegations in paragraph 78 purport to quote from and reference a document, which speaks for itself. Except as expressly stated, Meta otherwise denies each and every

allegation in paragraph 78.

79. The allegations in paragraph 79 contain conclusions of law and purport to quote from 18 U.S.C. § 2710, for which no responsive pleading is required. To the extent a response is required, Meta admits that plaintiffs correctly quote in part 18 U.S.C. § 2710. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 79.

80. The allegations in paragraph 80 contain conclusions of law and purport to quote from 18 U.S.C. § 2710, for which no responsive pleading is required. To the extent a response is required, Meta admits that plaintiffs correctly quote in part 18 U.S.C. § 2710. Meta lacks information sufficient to admit or deny the allegations in paragraph 80 regarding persons or entities other than Meta. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 80.

81. The allegations in paragraph 81 contain conclusions of law and purport to quote from Cal. Civ. Code § 1799.3, for which no responsive pleading is required. To the extent a response is required, Meta admits that plaintiffs correctly quote in part Cal. Civ. Code § 1799.3. Meta lacks information sufficient to admit or deny the allegations in paragraph 81 regarding persons or entities other than Meta. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 81.

82. The allegations in paragraph 82 contain conclusions of law, for which no responsive pleading is required. Meta also lacks information sufficient to admit or deny the allegations in paragraph 82 regarding persons or entities other than Meta. To the extent a response is required, Meta denies the allegations. Meta otherwise denies each and every allegation in paragraph 82.

83. The allegations in paragraph 83 contain conclusions of law, for which no responsive pleading is required. Meta also lacks information sufficient to admit or deny the allegations in paragraph 83 regarding persons or entities other than Meta. Meta admits that the allegations in paragraph 83 reference and purport to reference a document, which speaks for itself. To the extent a response is required, Meta denies the allegations. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 83.

84. The allegations in paragraph 84 contain conclusions of law, for which no responsive pleading is required. Meta admits that the allegations in paragraph 84 reference a document, which

speaks for itself. To the extent a response is required, Meta denies the allegations. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 84.

85. The allegations in paragraph 85 contain conclusions of law and purport to quote from Cal. Civ. Code § 1798.100(b), for which no responsive pleading is required. To the extent a response is required, Meta admits that plaintiffs correctly quote in part Cal. Civ. Code § 1798.100(b). Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 85.

86. The allegations in paragraph 86 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 86.

87. The allegations in paragraph 87 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations. Meta also lacks information sufficient to admit or deny the allegations in paragraph 87 regarding persons or entities other than Meta. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 87.

## IV. FACEBOOK NEVER RECEIVES CONSENT TO INTENTIONALLY INTERCEPT CONFIDENTIAL AND SENSITIVE INFORMATION

### A. Facebook's Terms of Service, Cookies Policy, and Data Policy

88. The allegations in paragraph 88 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 88.

89. Meta admits that the allegations in paragraph 89 reference and purport to cite documents, which speak for themselves. To the extent a response is required, Meta admits that Facebook users must agree to the operative Terms of Service, Data Policy (now known as Meta's Privacy Policy), and Cookies Policy to sign up for a Facebook account. Meta also admits that it publishes a California Privacy Notice. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 89.

90. Meta admits that the allegations in paragraph 90 reference and purport to quote from a document, which speaks for itself. To the extent a response is required, Meta denies that plaintiffs

have accurately quoted the operative version of the referenced document in the first sentence of paragraph 90, but admits that plaintiffs have accurately quoted the operative version of the referenced document in the second sentence of paragraph 90. To the extent plaintiffs mischaracterize the documents, Meta denies the allegations. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 90.

91. Meta admits that the allegations in paragraph 91 reference and purport to quote from a document, which speaks for itself, and no responsive pleading is required. To the extent a response is required, Meta denies the allegations. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 91.

92. Meta admits that the allegations in paragraph 92 reference and purport to quote from a document, which speaks for itself. To the extent a response is required, Meta denies plaintiffs have accurately quoted the operative version of the referenced document in the allegations in paragraph 92. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 92.

93. Meta admits that the allegations in paragraph 93 reference and purport to quote from a document, which speaks for itself. To the extent a response is required, Meta denies plaintiffs have accurately quoted from the operative version of the referenced document. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 93.

94. Meta admits that the allegations in paragraph 94 reference and purport to quote from a document, which speaks for itself. To the extent a response is required, Meta denies plaintiffs have accurately quoted from the operative version of the referenced document. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 94.

95. The allegations in paragraph 95 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta admits that it employs account managers who assist with supporting certain Meta clients, including through education and support. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 95.

96. The allegations in paragraph 96 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations. Meta lacks information sufficient to admit or deny the allegations in paragraph 96 regarding the Streaming

Services. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 96.

**B. Facebook's Other Representations**

97. Meta admits that the allegations in paragraph 97 purport to quote from documents, which speak for themselves. To the extent a response is required, Meta denies the allegations. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 97.

98. Meta admits that the allegations in paragraph 98 purport to quote from documents, which speak for themselves. To the extent a response is required, Meta denies the allegations. Meta admits that it created a "Help Center." Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 98.

99. The allegations in paragraph 99 contain conclusions of law, for which no responsive pleading is required. Meta admits that the allegations in paragraph 99 purport to quote from documents, which speak for themselves. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 99.

100. Meta admits that the New York State Department of Financial Services conducted an investigation into Meta from 2019 to 2021. Meta further admits that the allegations in paragraph 100 purport to quote from a document, which speaks for itself. To the extent plaintiffs mischaracterize that document, Meta denies the allegations. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 100.

101. The allegations in paragraph 101 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 101.

102. The allegations in paragraph 102 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 102.

**V. FACEBOOK NEVER RECEIVES CONSENT TO GENERALLY INTERCEPT ELECTRONIC COMMUNICATIONS BECAUSE IT OBFUSCATES THE VOLUME, SPECIFICITY, AND TYPE OF DATA IT COLLECTS**

103. The allegations in paragraph 103 contain conclusions of law, for which no responsive

pleading is required. To the extent a response is required, Meta denies the allegations. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 103.

104. Meta admits that the allegations in paragraph 104 purport to quote from a document, which speaks for itself. To the extent a response is required, Meta admits that plaintiffs correctly quote in part the operative version of the referenced document in paragraph 104. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 104.

105. Meta admits that the allegations in the first sentence of paragraph 105 purport to characterize a document (that plaintiffs do not cite in paragraph 105), which speaks for itself. To the extent plaintiffs mischaracterize that document, Meta denies the allegations in paragraph 105. The allegations in the second sentence of paragraph 105 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 105.

106. Meta admits that the allegations in paragraph 106 purport to reference a document, which speaks for itself. To the extent a response is required, Meta denies the allegations. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 106.

107. Meta admits that plaintiffs purport to quote from a document, which speaks for itself. To the extent a response is required, Meta denies the allegations. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 107.

108. Meta lacks information sufficient to admit or deny the allegations in the first sentence of paragraph 108 regarding the actions, experiences, or knowledge of persons or entities other than Meta. Meta admits that the allegations in paragraph 108 purport to quote from and reference various documents, which speak for themselves. To the extent a response is required, Meta denies the allegations. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 108.

109. The allegations in paragraph 109 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies each and every allegation in paragraph 109.

110. Meta admits that the allegations in paragraph 110 purport to quote from and reference

multiple documents, which speak for themselves, and no responsive pleading is required. To the extent a response is required, Meta denies the allegations. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 110.

111. Meta admits that the allegations in paragraph 111 purport to quote from and reference multiple documents, which speak for themselves. To the extent a response is required, Meta admits that it offers a Business Tool called Conversions API, which is designed to create a connection between an advertiser's marketing data that it chooses to send to Meta and Meta systems that optimize ad targeting, decrease cost per result, and measure outcomes. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 111.

112. Meta admits that the allegations in paragraph 112 contain conclusions of law, for which no responsive pleading is required. Meta admits that the allegations in paragraph 112 purport to quote from and reference multiple documents, which speak for themselves. To the extent a response is required, Meta denies the allegations. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 112.

113. The allegations in paragraph 113 purport to quote from and reference documents, which speak for themselves, and no responsive pleading is required. To the extent plaintiffs mischaracterize these documents, Meta denies the allegations in paragraph 113. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 113.

114. Meta denies each and every allegation in paragraph 114.

115. The allegations in paragraph 115 purport to quote from a document, which speaks for itself. To the extent a response is required, Meta denies the allegations. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 115.

116. Meta lacks information sufficient to admit or deny the authenticity or source of the image in paragraph 116. To the extent a response is required, Meta otherwise denies each and every allegation in paragraph 116.

117. Meta lacks information sufficient to admit or deny the allegations in paragraph 117 regarding the actions, experiences, or knowledge of persons or entities other than Meta. Meta further admits that the allegations in paragraph 117 purport to reference and quote from a document, which

speaks for itself. To the extent a response is required, Meta denies the allegations. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 117.

118. The allegations in paragraph 118 contain conclusions of law, for which no responsive pleading is required. Meta admits that the allegations in paragraph 118 purport to quote from and reference multiple documents, which speak for themselves, and no responsive pleading is required. To the extent a response is required, Meta denies the allegations. Meta otherwise denies each and every allegation in paragraph 118.

119. The allegations in paragraph 119 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta admits that Facebook users must agree to the operative Terms of Service, Data Policy (now known as Meta's Privacy Policy), and Cookies Policy to use Facebook and that, as part of agreeing to these terms, Facebook users permit Meta to receive and use certain data. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 119.

## CLASS ACTION ALLEGATIONS

120. Meta admits that plaintiffs purport to bring this action on behalf of the members of the purported class referenced in paragraph 120. Meta denies that class certification is appropriate for this case.

121. Meta admits that plaintiff Starzinski purports to bring this action on behalf of the members of the purported subclass referenced in paragraph 121. Meta denies that class certification is appropriate for this case.

122. Meta admits that plaintiff Odumosu purports to bring this action on behalf of the members of the purported subclass referenced in paragraph 122. Meta denies that class certification is appropriate for this case.

123. Meta admits that plaintiffs Odumosu and Medina purport to bring this action on behalf of members of the purported subclass referenced in paragraph 123. Meta denies that class certification is appropriate for this case.

124. Meta admits that plaintiff McCoy purports to bring this action on behalf of members of the purported subclass referenced in paragraph 124. Meta denies that class certification is appropriate

for this case.

125. Meta admits that plaintiffs seek to exclude certain individuals and entities from the purported class and subclass definitions. Meta denies that class certification is appropriate for this case.

126. Meta admits that plaintiffs purport to bring this action on behalf of the members of the purported class and subclasses referenced in paragraphs 120–24. Meta denies that class certification is appropriate for this case.

127. The allegations in paragraph 127 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations. Meta also lacks information sufficient to admit or deny the allegations in paragraph 127 regarding the number of purported members in the putative class. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 127, including that class certification is appropriate for this case.

128. The allegations in paragraph 128 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations. Except as expressly stated, Meta otherwise denies the allegations in paragraph 128, including that class certification is appropriate for this case.

129. The allegations in paragraph 129 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations. Meta also lacks information sufficient to admit or deny the allegations in paragraph 129 regarding plaintiffs' "interests." Except as expressly stated, Meta otherwise denies the allegations in paragraph 129, including that class certification is appropriate for this case and that plaintiffs or any purported class members have sustained any injury or damages in any amount or at all, or that anyone is entitled to damages or any other relief from Meta.

130. The allegations in paragraph 130 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations. Meta also lacks information sufficient to admit or deny the allegations in paragraph 130 regarding persons or entities other than Meta. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 130, including that class certification is appropriate for this case.

131. The allegations in paragraph 131 contain conclusions of law, for which no responsive

pleading is required. To the extent a response is required, Meta denies each and every allegation in paragraph 131, including that class certification is appropriate for this case.

132. The allegations in paragraph 132 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta admits that it is headquartered in Menlo Park, California. Meta admits that at certain times Meta's Terms of Service have contained a California choice-of-law provision. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 132.

133. Meta admits that plaintiffs purport in paragraph 133 to reserve their right to revise their class definition. Meta denies that class certification is appropriate in this case.

**COUNT I**

**Violation Of The Federal Wiretap Act, 18 U.S.C. § 2510, et seq.**

**(The Class and Subclasses)**

134. Meta hereby incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

135. The allegations in paragraph 135 contain conclusions of law and purport to reference 18 U.S.C. § 2511, for which no responsive pleading is required. To the extent a response is required, Meta denies each and every allegation in paragraph 135.

136. The allegations in paragraph 136 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies each and every allegation in paragraph 136.

137. The allegations in paragraph 137 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies each and every allegation in paragraph 137.

138. The allegations in paragraph 138 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies each and every allegation in paragraph 138.

139. The allegations in paragraph 139 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies each and every allegation in

paragraph 139.

140. The allegations in paragraph 140 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies each and every allegation in paragraph 140, including that class certification is appropriate in this case.

141. The allegations in paragraph 141 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies each and every allegation in paragraph 141, including that class certification is appropriate in this case.

142. The allegations in paragraph 142 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies each and every allegation in paragraph 142, including that class certification is appropriate in this case.

143. The allegations in paragraph 143 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies each and every allegation in paragraph 143, including that class certification is appropriate in this case.

144. The allegations in paragraph 144 contain conclusions of law and purport to quote from 18 U.S.C. § 2510(12), for which no responsive pleading is required. To the extent a response is required, Meta admits that plaintiffs correctly quote in part 18 U.S.C. § 2510(12). Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 144, including that class certification is appropriate in this case.

145. The allegations in paragraph 145 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies each and every allegation in paragraph 145, including that class certification is appropriate in this case.

146. The allegations in paragraph 146 contain conclusions of law and purport to quote from 18 U.S.C. § 2510(12), for which no responsive pleading is required. To the extent a response is required, Meta admits that plaintiffs correctly quote in part 18 U.S.C. § 2510(12). Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 146, including that class certification is appropriate in this case.

147. The allegations in paragraph 147 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies each and every allegation in

paragraph 147, including that class certification is appropriate in this case.

148. The allegations in paragraph 148 contain conclusions of law and purport to quote from 18 U.S.C. § 2510(12), for which no responsive pleading is required. To the extent a response is required, Meta admits that plaintiffs correctly quote in part 18 U.S.C. § 2510(12). Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 148.

149. The allegations in paragraph 149 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies each and every allegation in paragraph 149, including that class certification is appropriate in this case.

150. The allegations in paragraph 150 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies each and every allegation in paragraph 150, including that class certification is appropriate in this case.

151. The allegations in paragraph 151 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies each and every allegation in paragraph 151, including that class certification is appropriate in this case.

152. The allegations in paragraph 152 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies each and every allegation in paragraph 152, including that class certification is appropriate in this case.

153. The allegations in paragraph 153 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies each and every allegation in paragraph 153, including that class certification is appropriate in this case.

154. The allegations in paragraph 154 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies each and every allegation in paragraph 154, including that class certification is appropriate in this case.

155. The allegations in paragraph 155 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies each and every allegation in paragraph 155.

156. The allegations in paragraph 156 refer to the relief sought by plaintiffs and putative class members in the FAC, which speaks for itself. The allegations in paragraph 156 also contain

conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies each and every allegation in paragraph 156. Meta further denies that plaintiffs and putative class members have been injured or suffered damages of any kind and that they are entitled to any form of relief from Meta, or that this case is appropriate for class certification.

**COUNT II**

**Violation Of The California Invasion Of Privacy Act,**

**Cal. Penal Code § 631**

**(The Class and Subclasses)**

157. Meta hereby incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

158. Meta admits that plaintiffs purport to bring this action individually and on behalf of the members of the purported class referenced in paragraph 158. Meta denies that plaintiffs are entitled to any relief and that class certification is appropriate for this case.

159. The allegations in paragraph 159 contain conclusions of law and purport to quote from Cal. Penal Code § 630, for which no responsive pleading is required. To the extent a response is required, Meta admits that plaintiffs correctly quote in part Cal. Penal Code § 630. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 159.

160. The allegations in paragraph 160 contain conclusions of law and purport to quote from Cal. Penal Code § 631(a), for which no responsive pleading is required. To the extent a response is required, Meta admits that plaintiffs correctly quote in part Cal. Penal Code § 631(a). Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 160.

161. The allegations in paragraph 161 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies each and every allegation in paragraph 161.

162. The allegations in paragraph 162 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta admits that its principal place of business is in Menlo Park, San Mateo County, California and that it conducts business in California. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 162.

163. The allegations in paragraph 163 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies each and every allegation in paragraph 163, including that class certification is appropriate in this case.

164. The allegations in paragraph 164 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies each and every allegation in paragraph 164, including that class certification is appropriate in this case.

165. The allegations in paragraph 165 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies each and every allegation in paragraph 165, including that class certification is appropriate in this case.

166. The allegations in paragraph 166 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies each and every allegation in paragraph 166, including that class certification is appropriate in this case.

167. The allegations in paragraph 167 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies each and every allegation in paragraph 167, including that class certification is appropriate in this case.

168. The allegations in paragraph 168 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies each and every allegation in paragraph 168, including that class certification is appropriate in this case.

169. The allegations in paragraph 169 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies each and every allegation in paragraph 169, including that plaintiffs or purported class members suffered any injury or damages in any amount or at all, or that anyone is entitled to damages or any other relief from Meta.

170. The allegations in paragraph 170 refer to the relief sought by plaintiffs and putative class members in the FAC, which speaks for itself. The allegations in paragraph 170 also contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies each and every allegation in paragraph 170. Meta further denies that plaintiffs or putative class members have been injured or suffered damages of any kind and that they are entitled to any form of relief from Meta, or that this case is appropriate for class certification.

**COUNT III**

**Violation Of The California Invasion Of Privacy Act,**

**Cal. Penal Code § 632**

**(The Class and Subclasses)**

171. Meta hereby incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

172. Meta admits that plaintiffs purport to bring this action individually and on behalf of the members of the purported class referenced in paragraph 172. Meta denies that plaintiffs are entitled to any relief and that class certification is appropriate for this case.

173. The allegations in paragraph 173 contain conclusions of law and purport to quote from Cal. Penal Code § 630, for which no responsive pleading is required. To the extent a response is required, Meta admits that plaintiffs correctly quote in part Cal. Penal Code § 630. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 173.

174. The allegations in paragraph 174 contain conclusions of law and purport to quote from Cal. Penal Code § 632, for which no responsive pleading is required. To the extent a response is required, Meta admits that plaintiffs correctly quote in part Cal. Penal Code § 632. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 174.

175. The allegations in paragraph 175 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies each and every allegation in paragraph 175.

176. The allegations in paragraph 176 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies each and every allegation in paragraph 176, including that class certification is appropriate in this case.

177. The allegations in paragraph 177 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies each and every allegation in paragraph 177, including that class certification is appropriate in this case.

178. The allegations in paragraph 178 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies each and every allegation in

paragraph 178.

179. The allegations in paragraph 179 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies each and every allegation in paragraph 179.

180. The allegations in paragraph 180 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies each and every allegation in paragraph 180.

181. The allegations in paragraph 181 refer to the relief sought by plaintiffs and putative class members in the FAC, which speaks for itself. The allegations in paragraph 181 also contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies each and every allegation in paragraph 181. Meta further denies that plaintiffs or putative class members have been injured or suffered damages of any kind and that they are entitled to any form of relief from Meta, or that this case is appropriate for class certification.

**COUNT IV**

**Invasion of Privacy Under California's Constitution**

**(The Class and Subclasses)**

182. Meta hereby incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

183. The allegations in paragraph 183 are conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations in paragraph 183.

184. The allegations in paragraph 184 are conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations. The allegations in paragraph 184 purport to quote from article I, section I of the California Constitution, which speaks for itself. To the extent a response is required, Meta admits plaintiffs have correctly quoted the document. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 184.

185. The allegations in paragraph 185 are conclusions of law, for which no responsive

pleading is required. To the extent a response is required, Meta denies the allegations. The allegations in paragraph 185 purported to quote from a document or documents, which plaintiffs do not cite. To the extent a response is required, Meta denies the allegations. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 185.

186. The allegations in paragraph 186 are conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations in paragraph 186.

187. The allegations in paragraph 187 are conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations in paragraph 187.

188. The allegations in paragraph 188 are conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations in paragraph 188.

189. The allegations in paragraph 189 are conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations in paragraph 189, including that class certification is appropriate in this case.

190. The allegations in paragraph 190 are conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations in paragraph 190, including that class certification is appropriate in this case.

191. The allegations in paragraph 191 are conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations in paragraph 191.

192. The allegations in paragraph 192 are conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations in paragraph 192.

193. The allegations in paragraph 193 are conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations in paragraph 193, including that class certification is appropriate in this case.

194. The allegations in paragraph 194 are conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations in paragraph 194.

195. The allegations in paragraph 195 are conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations in paragraph 195.

196. The allegations in paragraph 196 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies each and every allegation in this paragraph, including that class certification is appropriate in this case.

197. The allegations in paragraph 197 are conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations in paragraph 197.

198. The allegations in paragraph 198 are conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations in paragraph 197.

199. The allegations in paragraph 199 refer to the relief sought by plaintiffs in the FAC, which speaks for itself. The remaining allegations in paragraph 199 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies each and every allegation in this paragraph. Meta further denies that plaintiffs, purported class members, or anyone else has suffered any injury or damages in any amount or at all, or that anyone is entitled to damages or any other relief from Meta.

**COUNT V**

**Intrusion Upon Seclusion**

**(The Class and Subclasses)**

200. Meta hereby incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

201. The allegations in paragraph 201 are conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations in paragraph

201.

202. The allegations in paragraph 202 are conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations in paragraph 202.

203. The allegations in paragraph 203 are conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations in paragraph 203.

204. The allegations in paragraph 204 are conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations in paragraph 204.

205. The allegations in paragraph 205 are conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies each and every allegation in paragraph 205.

206. The allegations in paragraph 206 are conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations in paragraph 206.

207. The allegations in paragraph 207 are conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations in paragraph 207.

208. Meta admits that the allegations in paragraph 208 purport to quote from a document (which plaintiffs do not cite) that speaks for itself. To the extent a response is required, Meta denies the allegations. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 208.

209. The allegations in paragraph 209 refer to the relief sought by plaintiffs in the Complaint, which speaks for itself. The remaining allegations in paragraph 209 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies each and every allegation in this paragraph. Meta further denies that plaintiffs, class members, or anyone else has suffered any injury or damages in any amount or at all, or that anyone is entitled to any relief from

Meta, or that this case is appropriate for class certification.

## AFFIRMATIVE DEFENSES

Meta has not completed its full investigation of the facts of this case, has not completed discovery in this matter, and has not completed its preparation for trial. The defenses asserted herein are based on Meta's knowledge, information, and belief at this time. By asserting the defenses herein, Meta has not knowingly and intentionally waived any applicable defense and hereby expressly reserves the right to assert any additional defenses, cross-claims, and/or third-party claims as may be appropriate at a later time. Without assuming any burden of proof, persuasion, or production not otherwise legally assigned to it as to any element of plaintiffs' claims, Meta asserts the following separate and additional defenses:

### FIRST SEPARATE AND ADDITIONAL DEFENSE

**(Laches / Waiver / Release/ Estoppel / Unclean Hands / Inequitable Conduct)**

The FAC and the claims alleged therein are barred, in whole or in part, by the doctrines of laches, waiver, release, estoppel, unclean hands *in pari delicto*, and/or inequitable conduct. Plaintiffs allege that they have Facebook accounts. When Facebook users, including plaintiffs and putative class members, signed up for a Facebook account, they agreed to Meta's Terms of Service, Privacy Policy, and Cookies Policy. These policies, as well as other publicly available materials (including the subject websites' policies), disclosed Meta's receipt of data through the Business Tools and its use of data for advertising purposes. Further, since August 2019, plaintiffs and putative class members have had access to the Off-Facebook Activity tool, which allows Facebook users to view a summary of the apps and websites that send Meta information about the user's activity. Plaintiffs' complaint is barred, in whole or in part, to the extent plaintiffs and Class members had notice regarding the information Meta allegedly received about them from the subject websites, including (but not limited to) through the aforementioned disclosures, and they continued to use Meta's and/or the subject websites' services, and/or failed to diligently pursue their claims.

### SECOND SEPARATE AND ADDITIONAL DEFENSE

**(Failure to Mitigate)**

Plaintiffs' and putative class members' claims for damages are barred, in whole or in part, to

the extent discovery reveals they failed to mitigate their damages. For example, to the extent plaintiffs and putative class members had notice regarding the information Meta allegedly received about them, including but not limited to through Meta's Terms of Service, Privacy Policy, Cookies Policy, and Off-Facebook Activity tool and/or the subject websites' policies and disclosures, yet continued to use Meta's and/or the subject websites' services, they are barred, in whole or in part, from recovering damages based on their continued use of Meta's and/or the subject websites' services. Plaintiffs and putative class members are also barred, in whole or in part, from recovering damages based on the alleged disclosure of information that plaintiffs have publicized through other channels, such as social media. Plaintiffs and putative class members are also barred, in whole or in part, from recovering damages to the extent plaintiffs and putative class members did not attempt to use settings that would limit the information Meta associated with their Facebook accounts or the data Meta used for advertising purposes.

**THIRD SEPARATE AND ADDITIONAL DEFENSE**

**(Statute of Limitations)**

The FAC and the claims alleged therein are barred, in whole or in part, by one or more of the statutes of limitations under applicable law. The longest applicable statute of limitations for plaintiffs' claims is two years. 18 U.S.C.A. § 2520. Plaintiffs allege they have Facebook accounts and when signing up for those accounts, they agreed to Meta's Terms of Service, Privacy Policy, and Cookies Policy which, along with other publicly available materials (including subject websites' policies), disclosed Meta's receipt of data through the Business Tools and its use of data for advertising purposes. Plaintiffs' complaint is barred, in whole or in part, to the extent plaintiffs and putative class members had notice regarding the information Meta allegedly received about them from the subject websites, including (but not limited to) through the aforementioned disclosures, and they failed to bring their claims within two years from when they had, or should have had, such notice.

**FOURTH SEPARATE AND ADDITIONAL DEFENSE**

**(Barred by Contract)**

The FAC and the claims alleged therein are barred, in whole or in part, by contracts and/or agreements entered into with Meta and with the subject websites which govern the subject matter of

plaintiffs' and putative class members' claims. Plaintiffs allege that they have Facebook accounts. When Facebook users, including plaintiffs and putative class members, signed up for a Facebook account, they agreed to Meta's Terms of Service, Privacy Policy, and Cookies Policy. These policies disclosed Meta's receipt of data through the Business Tools and its use of data for advertising purposes. Plaintiffs' complaint is barred, in whole or in part, because plaintiffs and putative class members agreed to Meta's receipt of the data the subject websites allegedly sent about them through their contracts with Meta. Plaintiffs' and putative class members' claims are also barred, in whole or in part, by the limitation-of-liability provision in Meta's Terms of Service. To the extent discovery reveals that plaintiffs entered into contracts with the subject websites, those contracts may also bar plaintiffs' claims, in whole or in part, for the same or similar reasons as Meta's contracts—i.e., because they disclose that the subject websites share data with third parties such as Meta and/or because they limit plaintiffs' and putative class members' ability to recover for the alleged disclosure of their information.

**FIFTH SEPARATE AND ADDITIONAL DEFENSE**

**(Mistake)**

The FAC and the claims alleged therein are barred, in whole or in part, on the grounds that Meta reasonably relied on facts that may later prove to be false and/or made a bona fide error despite using reasonable procedures to avoid any such error. Meta's Business Tools Terms require third parties who use the Meta Business Tools to, among other things, "represent and warrant that you (and any data provider that you may use) have all of the necessary rights and permissions and a lawful basis (in compliance with all applicable laws, regulations, and industry guidelines) for the disclosure and use of Business Tool Data." Meta reasonably relied on third parties using the Meta Business Tools to abide by the requirements and representation in the Business Tools Terms.

**SIXTH SEPARATE AND ADDITIONAL DEFENSE**

**(Unjust Enrichment)**

The right to relief on behalf of plaintiffs and putative class members is barred by the doctrine of unjust enrichment. Plaintiffs and putative class members would be unjustly enriched if allowed to recover the relief claimed to be due, including because plaintiffs and putative class members consented to the alleged conduct complained of, including by agreeing to Meta's Terms of Service, its Privacy

Policy, and/or Cookies Policy. These policies, as well as other publicly available materials (including the subject websites' policies), disclose Meta's receipt of data through the Business Tools and its use of data for advertising purposes. Further, since August 2019, plaintiffs and the putative class members have had access to the Off-Facebook Activity tool, which allows Facebook users to view a summary of the apps and websites that send Meta information about the user's activity. The doctrine of unjust enrichment bars plaintiffs' and putative class members' right to relief to the extent they continued to use Meta's and/or the subject websites' services (and obtained the benefits of those services) despite having notice regarding the information Meta allegedly received about them from their interactions with third parties, including the subject websites. The doctrine of unjust enrichment also bars plaintiffs' and putative class members' right to relief to the extent plaintiffs and putative class members did not attempt to use settings that would limit the information Meta associated with their Facebook accounts or the data Meta used for advertising purposes. The doctrine of unjust enrichment also bars plaintiffs' and putative class members from recovering multiple times for the same harm, and from recovering any alleged damages already or from sources other than Meta.

**SEVENTH SEPARATE AND ADDITIONAL DEFENSE**

**(Wrong Party)**

The FAC and the claims alleged therein are barred, in whole or in part, because plaintiffs have filed suit against the wrong party. Plaintiffs have filed suit against Meta rather than the subject websites that use Meta's services. Meta's Business Tools Terms require third parties who use the Meta Business Tools to, among other things, "represent and warrant that you (and any data provider that you may use) have all of the necessary rights and permissions and a lawful basis (in compliance with all applicable laws, regulations, and industry guidelines) for the disclosure and use of Business Tools Data." Meta reasonably relied on third parties using the Meta Business Tools to abide by the requirements and representations in the Business Tools Terms. Third parties who use the Meta Business Tools, including the subject websites, are responsible for how they choose to use the Meta Business Tools.

**EIGHTH SEPARATE AND ADDITIONAL DEFENSE**

**(No Privacy Interest)**

The FAC and the claims alleged therein are barred, in whole or in part, because plaintiffs do

not maintain a legally protected privacy interest over any data plaintiffs allege to have been impermissibly collected. When Facebook users, including plaintiffs and Class members, signed up for a Facebook account, they agreed to Meta's Terms of Service, Privacy Policy, and Cookies Policy. These policies, as well as other publicly available materials (including the subject websites' policies), disclosed Meta's receipt of data through the Business Tools and its use of data for advertising purposes. Further, since August 2019, plaintiffs and putative class members have had access to the Off-Facebook Activity tool, which allows Facebook users to view a summary of the apps and websites that send Meta information about the user's activity. Plaintiffs' complaint is barred, in whole or in part, due to their inability to show a privacy interest in data they were on notice Meta allegedly received about them from the subject websites, including (but not limited to) through the aforementioned disclosures. Plaintiffs' complaint is also barred, in whole or in part, due to their inability to show a privacy interest in their web-browsing data, which is not sensitive or confidential.

**NINTH SEPARATE AND ADDITIONAL DEFENSE**

**(Intervening or Superseding Cause)**

Plaintiffs' and the putative class members' claims are barred, in whole or in part, because the damages alleged in the SAC, if any, were caused by persons and entities other than Meta. Such intervening and superseding conduct of others bars and/or diminishes recovery, if any, against Meta. Any alleged harm to the plaintiffs and putative class members was proximately caused by subsequent and intervening or superseding acts of plaintiffs or the Class members and/or of third parties, including without limitation, by the subject websites' decision to use the Meta Business Tools and/or to configure the Meta Business Tools to transmit certain information to Meta. Meta's Business Tools Terms require third parties who use the Meta Business Tools to, among other things, "represent and warrant that you (and any data provider that you may use) have all of the necessary rights and permissions and a lawful basis (in compliance with all applicable laws, regulations, and industry guidelines) for the disclosure and use of Business Tool Data." Meta reasonably relied on third parties using the Meta Business Tools to abide by the requirements and representations in the Business Tools Terms. Therefore, any alleged harm to the plaintiffs was caused by the subject websites' failure to abide by Meta's Business Tools Terms rather than any action Meta is alleged to have taken.

Additionally, plaintiffs allege that they have Facebook accounts. When Facebook users, including plaintiffs and putative class members, signed up for a Facebook account, they agreed to Meta's Terms of Service, Privacy Policy, and Cookies Policy. These policies, as well as other publicly available materials (including the subject websites' policies), disclosed Meta's receipt of data through the Business Tools and its use of data for advertising purposes. Further, since August 2019, plaintiffs and putative class members have had access to the Off-Facebook Activity tool, which allows Facebook users to view a summary of the apps and websites that send Meta information about the user's activity. To the extent plaintiffs and putative class members failed to read these disclosures, any alleged harm to the plaintiffs was caused by their failure to read these disclosures rather than any action Meta is alleged to have taken. To the extent plaintiffs and putative class members did not attempt to use settings that would limit the information Meta associated with their Facebook accounts or the data Meta used for advertising purposes, any alleged harm to the plaintiffs was also caused by their failure to use these settings rather than any action Meta is alleged to have taken.

**TENTH SEPARATE AND ADDITIONAL DEFENSE**

**(Party to Communications)**

The FAC and the claims alleged therein are barred, in whole or in part, because Meta was a party to any and all communications Meta allegedly received, and therefore no actionable interception occurred. The Meta Pixel is a free, publicly available piece of code that third-party developers can choose to integrate in their websites to measure visitor activity and share that data with Meta. To the extent the subject websites or users shared data with Meta, Meta was a party to the relevant communications, and a party cannot be held liable for "wiretapping" or "eavesdropping" on its own communications. *Doe I v. Google LLC*, 2024 WL 3490744, at *5 (N.D. Cal. July 22, 2024); *Cody v. Boscov's, Inc.*, 658 F. Supp. 3d 779, 782 (C.D. Cal. 2023); *Thomasson v. GC Servs. Ltd. P'ship*, 321 F. App'x 557, 559 (9th Cir. 2008). As a result, Meta is exempt from any wiretapping or eavesdropping liability under the California Invasion of Privacy Act as a party to the communications at issue.

**ELEVENTH SEPARATE AND ADDITIONAL DEFENSE**

**(Unconstitutional Request for Statutory and Punitive Damages)**

Statutory, punitive, or exemplary damages should not be awarded or should otherwise be

limited. That is because (1) any recovery of statutory or exemplary damages would violate the substantive and procedural safeguards guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, by Article 1, Section 7 of the California Constitution, by section 3294 of the California Civil Code, and by the common law; and (2) imposition of any statutory, punitive, or exemplary damages would constitute an excessive fine or penalty under the Eighth Amendment to the United States Constitution and Article 1, Section 17 of the California Constitution. *See, e.g., Bankers Life & Cas. Co. v. Crenshaw*, 486 U.S. 71, 77 (1988).

**TWELFTH SEPARATE AND ADDITIONAL DEFENSE**

**(Unconstitutional Aggregation of Statutory Damages)**

Any aggregation of statutory damages should be barred or should otherwise be limited. This is because imposition of massively aggregated statutory damages on the scale of what plaintiffs and putative class members seek would constitute an excessive fine or penalty under the Eighth Amendment to the United States Constitution and Article 1, Section 17 of the California Constitution. *See, e.g., Wakefield v. ViSalus, Inc.*, 51 F.4th 1109, 1123 (9th Cir. 2022).

**THIRTEENTH SEPARATE AND ADDITIONAL DEFENSE**

**(Consent/Ratification)**

The FAC and the claims alleged therein are barred, in whole or in part, by the doctrines of consent and/or ratification because plaintiffs and putative class members manifested agreement through words and/or conduct to the sharing and/or use of their personal information as alleged in the complaint. Plaintiffs allege that they have Facebook accounts. When Facebook users, including plaintiffs and putative class members, signed up for a Facebook account, they agreed to Meta's Terms of Service, Privacy Policy, and Cookies Policy. These policies, as well as other publicly available materials (including the subject websites' policies), disclosed Meta's receipt of data through the Business Tools and its use of data for advertising purposes. Further, since August 2019, plaintiffs and putative class members have had access to the Off-Facebook Activity tool, which allows Facebook users to view a summary of the apps and websites that send Meta information about the user's activity. Plaintiffs' complaint is barred, in whole or in part, because plaintiffs and putative class members consented to Meta's receipt of the information Meta allegedly received about them from the subject websites,

including (but not limited to) to the extent they viewed the aforementioned disclosures and they continued to use Meta's and/or the subject websites' services.

**FOURTEENTH SEPARATE AND ADDITIONAL DEFENSE**

**(One-Party Consent)**

The Federal Wiretap Act claim is barred, in whole or in part, by the doctrine of consent because the subject websites chose and consented to send information to Meta. The Meta Pixel is a free, publicly available piece of code that third-party developers (e.g., the subject websites) can choose to integrate in their websites to measure visitor activity and share that data with Meta. Independent of Meta's agreements with users, a website owner's decision to share information with Meta using the Pixel establishes one-party consent and precludes a wiretapping claim. *Katz-Lacabe v. Oracle Am., Inc.*, 2024 WL 1471299, at *4 (N.D. Cal. Apr. 3, 2024) ("Oracle's customers chose to deploy Oracle's tools on their websites, and it necessarily follows that 'one of the parties to the communication'—the websites themselves—gave 'prior consent to such interception.'").

Dated: October 20, 2025

**GIBSON, DUNN & CRUTCHER LLP**

By: */s/ Lauren R. Goldman*

Lauren R. Goldman

*Attorneys for Defendant Meta Platforms, Inc.*