**GIBSON, DUNN & CRUTCHER LLP**
LAUREN R. GOLDMAN (*pro hac vice*)
lgoldman@gibsondunn.com
DARCY C. HARRIS (*pro hac vice*)
dharris@gibsondunn.com
200 Park Avenue
New York, NY 10166
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

ELIZABETH K. MCCLOSKEY, SBN 268184
emccloskey@gibsondunn.com
ABIGAIL A. BARRERA, SBN 301746
abarrera@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: (415) 393-8200
Facsimile: (415) 393-8306

*Attorneys for Defendant Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

OLADEJI ODUMOSU, et al.,

Plaintiff,

v.

META PLATFORMS, INC.,

Defendant.

Case No. 4:24-cv-04501-AMO-SK

**DECLARATION OF LAUREN R. GOLDMAN IN SUPPORT OF PLAINTIFF'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED**

Action Filed: June 27, 2024

Judge: Honorable Araceli Martínez-Olguín

I, Lauren R. Goldman, state and declare as follows:

1. I am an attorney licensed to practice in the State of New York. I am a partner at the law firm Gibson, Dunn & Crutcher LLP, counsel of record for Defendant Meta Platforms, Inc. ("Meta") in these actions. I am admitted *pro hac vice* to practice before this Court. I am familiar with Meta's treatment of proprietary and confidential information based on my personal experience representing Meta.[1] I have personal knowledge of the facts stated below and, if called as a witness, I could and would testify competently thereto.

2. I submit this declaration under Local Rule 79-5 in support of plaintiff's Administrative Motions to Consider Whether Another Party's Materials Should Be Sealed. Dkt. No. 81. Meta seeks to seal narrowly tailored portions of plaintiff's Notice of Motion and Motion for Class Certification and supporting exhibits (the "Motion and Exhibits"). These redactions relate to specific, non-public content in the Motion and Exhibits that reflects Meta's proprietary data storage systems, including the names and contents of specific fields, non-public information about the specific data ESPN chose to send to Meta using the Meta Pixel, and the proprietary way in which Meta processes, organizes, and stores that information in its systems.

3. Meta meets the "compelling reasons" standard for sealing material filed in connection with a motion for class certification. *Eng. v. Apple Inc.*, No. 14-CV-01619-WHO, 2015 WL 13427750 (N.D. Cal. Aug. 6, 2015); *see also, e.g., Yan Mei Zheng v. Toyota Motor Corp.*, No. 17-CV-06591-BLF, 2019 WL 6841324 (N.D. Cal. Dec. 16, 2019); *Adtrader, Inc. v. Google LLC*, No. 17-CV-07082-BLF, 2020 WL 6391210 (N.D. Cal. Mar. 24, 2020). Under this standard, the public's right to inspect and access court records "can be overridden given sufficiently compelling reasons for doing so." *Foltz v. State Farm Mut. Auto Ins. Comp.*, 331 F.3d

[1] Courts in this District routinely grant motions to seal on the basis of declarations of counsel submitted pursuant to Local Rule 79-5. *See, e.g.*, *Avago Techs. Fiber IP (Singapore) PTE. Ltd., v. IPtronics Inc.*, No. 5:10-cv-02863-EJD, Dkt Nos. 544 (N.D. Cal. Apr. 3, 2015), 545 (N.D. Cal. Apr. 7, 2015); *Cisco Sys. Inc., v. OpenTV Inc.*, No. 5:13-cv-00282-EJD, Dkt. Nos. 76, 82 (N.D. Cal. Oct. 8, 2013). I am personally familiar with Meta's practices of safeguarding proprietary information, including based on my experience representing Meta for many years, but if the Court deems this declaration insufficient, Meta respectfully requests that it be permitted to file a further declaration supporting filing under seal.

1122, 1135 (9th Cir. 2003). Meta is asking to seal only information which provides insight into non-public aspects of Meta's proprietary data storage systems (including the names and contents of specific fields, non-public information about the specific data ESPN chose to send to Meta using the Meta Pixel, and the proprietary way in which Meta processes, organizes, and stores that information in its systems).

4. Sealing is appropriate here for several reasons. *First*, Meta's sealing request is "narrowly tailored to seek sealing only of sealable material." *Singh v. Costco Wholesale Corp.*, No. 20-CV-08180-NC, 2023 WL 4335287, at *1 (N.D. Cal. May 11, 2023). Meta asks the Court to seal only those parts of the Motion and Exhibits which reveal Meta's most proprietary, commercially sensitive, and confidential information. *Second*, as the Supreme Court has recognized, the public right of access to court records may be limited when those records could be used "as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Meta is likely to suffer harm if highly confidential information regarding the information described above is made public. Further, the information in Meta's narrow redactions is not critical to the public's understanding of this case.

5. Competitive harm is likely if Meta's highly confidential information is made public. Meta operates in an intensely competitive marketplace and has serious and legitimate concerns that competitors will exploit any release of Meta's sensitive, proprietary information to gain a competitive advantage. Disclosure of the information Meta seeks to seal would provide these competitors with unfair insight into how Meta's systems are designed and operate, giving competitors the ability to "duplicate features of" Meta's systems and technical infrastructure "which could cause competitive harm." *In re Google Inc. Gmail Litig.,* No. 13–MD–02430–LHK, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (finding "compelling reasons to seal" materials relating to "descriptions of how Gmail operates"). Further, the information regarding Meta's non-public data storage systems is sufficient to give Meta's competitors insight into how Meta's systems are designed and operate. *Cf In re Google Location Hist. Litig.,* 514 F. Supp. 3d 1147,

1163 (N.D. Cal. 2021) (denying motion to seal the term "Data store" because "'Data store' is extremely broad" and that "stating that 'data is stored in a data store' is really no more specific or revealing than stating that Google stores data").

6. Courts routinely seal the specific types of information Meta seeks to seal here. For example, in *Bottoms v. Block, Inc.*, the court found that compelling interests warranted sealing of specific fields in Block's database. *See* No. 2:23-CV-01969-MJP, 2025 WL 774913, at *1 (W.D. Wash. Mar. 11, 2025) (compelling interests warrant sealing "the confidential name of a Block database used to store information related to the Cash App Invite Friends program, and the confidential names and descriptions of certain fields of data stored in the database"). Similarly, in *Calhoun v. Google LLC*, the court granted a motion to seal "sensitive features of Google's internal systems and operations, including the various types of data sources which include information related to Google's data logs, internal data structures, internal identifiers and their proprietary functions." No. 20-CV-05146-YGR (SVK), 2022 WL 1122843, at *3 (N.D. Cal. Apr. 14, 2022); *see also, e.g.*, *In re Da Vinci Surgical Robot Antitrust Litig.*, No. 21-CV-03825-AMO, 2024 WL 1687645, at *2 (N.D. Cal. Apr. 17, 2024) (Martínez-Olguín, J.) (finding "compelling reasons exist to support the filing under seal" of "[p]roprietary business information."); *Ojmar US LLC v. Sec. People, Inc.,* No. 16-cv-04948-HSG, 2016 WL 6091543, at *2 (N.D. Cal. Oct. 19, 2016) (noting protections afforded by courts within the Ninth Circuit are broad and extend to "confidential information regarding [a defendant's] products, services, and business practices").

7. Meta proposes narrowly tailored redactions that would keep only its most sensitive, non-public material sealed. Meta's position regarding material that should be sealed is set forth in the following table:

| Document | Portions of Document to Be Sealed | Designating Party | Reason for Redaction |
|---|---|---|---|
| Notice of Motion and Motion for Class Certification<br>(Dkt. No. 81-3) | Parts of page 9, image in lines 24-28; page 10, image in lines 1-6.<br>(highlighted in Dkt. No. 91-1) | Meta | These images should be redacted because they contain event data, which reveals, specific, non-public information about Meta's proprietary data storage systems, including the names and contents of specific fields, non-public information about the specific data ESPN chose to send to Meta using the Meta Pixel, non-public information about the named plaintiff, and the way in which Meta processes, organizes, and stores that information in its systems—which is proprietary, commercially sensitive, and confidential. Public disclosure of that information—including the specific way that Meta processes, organizes, stores and matches event data—would place Meta at a competitive disadvantage. |
| Exhibit 26 – Page 1<br>(Dkt. No. 81-4) | Entire exhibit. | Meta | This exhibit should be sealed in full because it contains event data, which reveals, specific, non-public information about Meta's proprietary data storage systems, including the names and contents of specific fields, non-public information about the specific data ESPN chose to send to Meta using the Meta Pixel, non-public information about the named plaintiff, and the way in which Meta processes, organizes, and stores that information in its systems—which is proprietary, commercially sensitive, and confidential. Public disclosure of that information—including the specific way that Meta processes, organizes, stores and matches |

| | | | |
|---|---|---|---|
| | | | event data—would place Meta at a competitive disadvantage. |
| Exhibit 26 – page 2 (Dkt. No. 81-5) | Entire exhibit. | Meta | This exhibit should be sealed in full because it contains event data, which reveals, specific, non-public information about Meta's proprietary data storage systems, including the names and contents of specific fields, non-public information about the specific data ESPN chose to send to Meta using the Meta Pixel, non-public information about a former named plaintiff, and the way in which Meta processes, organizes, and stores that information in its systems—which is proprietary, commercially sensitive, and confidential. Public disclosure of that information—including the specific way that Meta processes, organizes, stores and matches event data—would place Meta at a competitive disadvantage. |
| Exhibit 26 – page 3 (Dkt. No. 81-6) | Entire exhibit. | Meta | This exhibit should be sealed in full because it contains event data, which reveals, specific, non-public information about Meta's proprietary data storage systems, including the names and contents of specific fields, non-public information about the specific data ESPN chose to send to Meta using the Meta Pixel, non-public information about a former named plaintiff, and the way in which Meta processes, organizes, and stores that information in its systems—which is proprietary, commercially sensitive, and confidential. Public disclosure of that information—including the specific way that Meta processes, organizes, stores and matches |

| | | | |
|---|---|---|---|
| | | | event data—would place Meta at a competitive disadvantage. |
| Exhibit 34 (Dkt. No. 81-7) | Parts of page 215, lines 15, 25. (highlighted in Dkt. No. 91-2) | Meta | This text should be redacted because it reveals specific information about Meta's proprietary data storage systems (including the name of a specific non-public field in Meta's proprietary data storage systems). If this information were disclosed, it would competitively harm Meta. |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 9th day of July 2026 in New York, New York.

**GIBSON, DUNN & CRUTCHER LLP**

By: */s/ Lauren R. Goldman*
Lauren R. Goldman